UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR-07-2066-LRS-2 |
| Plaintiff, | ) (CV-14-3027-LRS) |
| | ) NO. CR-07-2065-LRS-1 |
| v. | ) (CV-14-3026-LRS) |
| | ) NO. CR-07-2063-LRS-1 |
| GLEN RAY BRIGGS, | ) (CV-14-3024-LRS) |
| | ) NO. CR-07-2114-LRS-1 |
| Defendant. | ) (CV-14-3025-LRS) |
| | ) **ORDER DISMISSING** |
| | ) **28 U.S.C. §2255 MOTIONS** |
| | ) |

**BEFORE THE COURT** are Defendant's consolidated 28 U.S.C. §2255 Motions (**ECF No. 341** filed in CR-07-2066-LRS-2; **ECF No. 213** filed in CR-07-2065-LRS-1; **ECF No. 509** filed in CR-07-2063-LRS-1; and **ECF No. 419** filed in CR-07-2114-LRS-1).[1]

§2255 provides in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Here, the motions and the files and records of the cases conclusively show the Defendant is entitled to no relief.

---

[1] Identical §2255 motions were filed in all 4 cases.

**ORDER DISMISSING**
**§2255 MOTIONS -**          **1**

Defendant was ultimately charged in four separate indictments containing a total of eight counts. The two most serious counts related to the conspiracy to rob the fictional stash house: Briggs was charged with conspiracy to possess with intent to distribute cocaine and methamphetamine and conspiracy to possess a firearm in connection with a drug trafficking crime. Of the remaining six counts, four charged Briggs with completed sales of methamphetamine, and two charged him with conspiracy to escape and attempted escape from federal prison. On April 6, 2008, Defendant Briggs pled guilty to a host of drug-related charges. Six months later, with a new lawyer and a change of heart, Defendant Briggs filed a motion to withdraw his plea of guilty. This court denied the motion and eventually sentenced Briggs to 324 months imprisonment. Briggs timely appealed. The Ninth Circuit Court of Appeals affirmed Briggs' convictions, but vacated his sentence and remanded to the district court for re-sentencing based on the court's application of the §2D1.1(b)(1) enhancement found to be in error. The Mandates were filed October 19, 2010. (ECF No. 415 in CR-07-2063-LRS-1; ECF No. 344 in CR-07-2114-LRS-1; ECF No. 262 in CR-07-2066-LRS-2; and ECF No. 140 in CR-07-2065-LRS-1). On December 16, 2011, Defendant was re-sentenced in CR-07-2066-LRS-2 to 240 months on Count 1; 240 months on Count 2, concurrent and concurrent with the sentences imposed in CR-07-02063-LRS-1, CR-07-02065-LRS-2 and CR-07-02114-LRS-1. Defendant was also sentenced in CR-07-2114-LRS-1 to 60 months on Count 1s (Conspiracy to Escape); 60 months on Count 2s (Attempted Escape), concurrent with the sentences imposed in CR-07-02063-LRS-1, CR-07-02065-LRS-2, and CR-07-2066-LRS-2.

The Ninth Circuit Court of Appeals affirmed Defendant's convictions and issued its Mandates on November 9, 2012 (ECF No. 412 in CR-07-2114-

**ORDER DISMISSING**
**§2255 MOTIONS -**                    **2**

LRS-1; ECF No. 502 in CR-07-2063-LRS-1; ECF No. 329 in CR-07-2066-LRS-2; and ECF No. 329 in CR-07-02065-LRS-2).

Defendant states in his §2255 motions that his "petition for a writ of certiorari was denied or expired on January 17, 2014." The court, however, cannot independently ascertain that he has filed a petition for certiorari or that such has been denied. It would appear that on February 7, 2013, Mr. Briggs' convictions became final.

Defendant's §2255 motions are deemed filed as of February 25, 2014.[2] Defendant's §2255 motions were filed within the time extension granted by the Court based upon Petitioner's request and a finding of good cause. (A district court has authority to raise the statute of limitations *sua sponte. Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001)). An extension was granted on February 24, 2014 for 30 days based on Defendant's motions for extensions filed on October 23, 2013 and February 11, 2014. (ECF No. 212 in CR-07-2065-LRS-2; ECF No. 338 in CR-07-2066-LRS-2; ECF No. 508 in CR-07-2063-LRS-1; and ECF No. 418 in CR-07-2114-LRS-1).

Defendant's §2255 motions, "Statement of Facts/Affidavits" and exhibits (Defendant included a copy of the plea agreement with his handwritten commentaries inserted) filed in support of his petitions, for the most part, merely reiterate arguments which his counsel presented to this court and to the Ninth Circuit Court of Appeals. See this court's February 2, 2009 "Order

---

[2] Under the "mailbox rule," a pro se habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities. *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), overruled on other grounds by, *Carey v. Saffold*, 536 U.S. 214 (2002).

**ORDER DISMISSING
§2255 MOTIONS -                        3**

Denying Defendant's Motion To Withdraw Plea and Resetting Sentencing Hearing," (ECF No. 216 in CR-07-2066-LRS-2[3]), filed after a psychological exam was performed and a report prepared on January 22, 2009; this court's January 28, 2011 "Order Re Sentencing and Briefing Schedule" (ECF No. 274 in CR-07-2066-LRS-2); this court's December 23, 2011 "Order Granting Motion to Withdraw as Counsel" (ECF No. 315 in CR-07-2066-LRS-2); and the Ninth Circuit's slip opinion (ECF No. 261 in CR-07-2066-LRS-2), filed September 27, 2010 after Defendant's first appeal; and the Ninth Circuit's slip opinion/Memorandum (ECF No. 328 in CR-07-2066-LRS-2) filed October 17, 2012 after Defendant's second appeal.

## Sole Ground: Ineffective Assistance of Counsel

Defendant Briggs is challenging all four attorneys that provided representation to him for ineffective assistance of counsel at the following stages: preliminary hearing, arraignment and plea, sentencing and appeal.

Defendant asserts that on April 6, 2008 Mr. Gardner misinformed and misadvised him as to the law and mislead him to believe that if he plead guilty to all counts in four separate indictments and waived his rights to challenge those guilty pleas, that he would not be held accountable for any sentencing enhancements for leadership role or drug amounts derived from the fantasy stash house robbery. ECF No. 213 at 15.

Defendant further asserts that Mr. Gardner misinformed, misadvised and mislead him to believe that if he was held accountable to the fantasy stash house amounts that he would ultimately be able to raise the sentencing entrapment defense and would prevail on appeal. Defendant states he thought this meant that his sentence would range be 120 to 210 months. *Id.*

[3]Identical orders were filed in the other 3 above-identified cases.

**ORDER DISMISSING
§2255 MOTIONS -**          **4**

Defendant then states that his new attorney Mr. Alden attempted to withdraw his plea and indicated to Mr. Briggs that it would have been better to proceed to trial because it would have been reasonably probable that a jury would have found that the stash house robbery was outside of Briggs' capability of committing. *Id*. at 16. Defendant further suggests that he should have had a chance to testify before a jury. *Id*. Additionally, Defendant complains that his guilty plea foreclosed the sentencing entrapment affirmative defense. *Id*.

Defendant also suggests that his fourth attorney at sentencing, Mr. Matheson, had to present facts that should have been presented at trial or prior to his plea. In particular, the fact that Mr. Briggs was only stringing the undercover agent along because he didn't want to lose him as a drug buying customer to ensure he could keep getting high. *Id*. Defendant further argues that in spite of the true facts that were never presented due to the guilty plea that should not have been entered, the court held him accountable to nearly all of the stash house drug amounts or enhancements, which resulted in a sentencing range above 120-210 months, or more specifically, 240 months. *Id*.

Defendant concludes "that his guilty plea, factual basis, and waiver was, unknowingly, unintelligently and unvoluntarily [sic] obtained based on the misrepresentations, misadvise, and misleadings of Attorney Gardner." *Id*. at 17. Defendant asserts that had he been counseled properly as to the legal ramifications of his plea he would have elected to just go to trial to properly testify or show that he was incapable of consummating the preposed [sic] robbery or that it was not within his ambition or means to commit . . . and that he was simply entrapped. *Id*. Defendant argues that had he proceeded to trial, it is reasonably probable that he would not have been found guilty or have been held accountable for the stash house drugs. Defendant further argues that even if he had been convicted at trial, he would have prevailed on appeal and would

**ORDER DISMISSING**
**§2255 MOTIONS -**                    **5**

have been sentenced at a level 26 with no more than 120-210 months. *Id*.

Defendant did attempt to withdraw his plea before this court and the Ninth Circuit. This court found, with the benefit of a psychological report requested by defense counsel and prepared by Mark Mays, Ph.D., J.D. on January 22, 2009 as well as briefing from both the government and Defendant, that Mr. Briggs failed to meet his burden of persuasion of showing that "fair and just" reasons existed for withdrawal of his plea. The Ninth Circuit affirmed the district court's determination:

[3] Our review of the record, however, has uncovered no evidence that Briggs was incapable of understanding his guilty plea. Although he has an IQ of 70, a psychological evaluation found that he had "the capacity to make a knowing decision" about his plea. In fact, Briggs discussed in detail with the psychologist his own calculation of the sentence he faced, the good-behavior time he expected to accrue, and the ultimate period of incarceration that would result. Contrary to Briggs' assertions, his understanding of the consequences of his guilty plea appears to have been quite sophisticated.

[4] The transcript of the plea colloquy confirms that Briggs understood the plea agreement. He responded to the district court's questions and asked questions of his own when he did not understand the point the district court made. He also admitted to the factual allegations in the plea agreement, and indicated that he was satisfied with his lawyer's representation. We take the district court's detailed colloquy with Briggs as strong evidence that Briggs understood the meaning of his actions. *See United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.").

[5] Briggs' true complaint is not that he lacked the capacity to understand his guilty plea, but that he misunderstood the severity of the sentence that he faced. Briggs contends that he expected to receive a sentence of approximately 200 months' imprisonment when he entered his guilty plea. It was not until the Pre-Sentence Report calculated a Guidelines range of 360 months to life that he realized he faced a sentence nearly twice as long as the one he expected.

**ORDER DISMISSING**
**§2255 MOTIONS -**           **6**

[6] We have previously expressed skepticism at the proposition that a defendant may change his plea solely because he underestimated the severity of the sentence he faced. *See Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) ("Nor do we believe that fear of receiving a harsh sentence, standing alone, constitutes a 'fair and just' reason to withdraw a plea, even if counsel's initial advice as to length of plea turned out to be inaccurate."). While we have on occasion allowed a defendant to change his plea for such a reason, we have done so only in exceptional circumstances. *See United States v. Davis*, 428 F.3d 802, 805-08 (9th Cir. 2005) (allowing withdrawal of guilty plea where defendant's counsel "grossly mischaracterized" the defendant's possible sentence by telling him he was likely to get probation, rather than the eight-years' imprisonment the government was seeking).

[7] Briggs' case is of a different nature than *Davis*. He acknowledges that he expected a sentence in the range of 200 months at the time he pled guilty. He was therefore aware that he faced a substantial term of incarceration. Further, while he made conclusory allegations of inadequate legal advice before the district court, he failed to substantiate those allegations in any way. Accordingly, we conclude that the district court did not abuse its discretion in denying Briggs' motion. No intervening event occurred that would constitute a "fair and just" reason for Briggs' change of heart. To the contrary, it appears that Briggs only wanted to change his plea once he was face-to-face with the full consequences of his conduct. FN 2.

FN. 2  We also reject Briggs' contention that the plea agreement "seriously overstates" his criminal conduct. His brother was convicted by a jury of identical charges, and it is undisputed that Briggs, as the ringleader of the conspiracy, was far more culpable for the crimes they committed.

ECF No.  139 at 8-9 in CR-07-2065-LRS-1.

Although the Ninth Circuit found some credence to the theory behind Defendant's sentencing entrapment argument, the Ninth Circuit held that Briggs' guilty plea, that was found to be voluntarily and knowingly entered into, foreclosed Briggs from raising such a claim.  As to this issue, the Ninth

**ORDER DISMISSING
§2255 MOTIONS -**          **7**

Circuit explained:

> [11] In this case, however, we conclude that Briggs' guilty plea forecloses him from raising this claim. *Cf. United States v. Dickey*, 924 F.2d 836, 839 (9th Cir. 1991) ("[A]t least where a defendant pleads guilty to an offense, we see no warrant for the argument that governmental . . . misconduct should mitigate the sentence of an admittedly guilty defendant." (internal quotation marks and alteration omitted)). In his plea agreement Briggs admitted that the conspiracy he was charged with involved "at least 5 kilograms but less than 15 kilograms of methamphetamine and at least 15 kilograms but less than 50 kilograms of cocaine." Thus, he fully admitted to the drug quantities on which his sentence was based. Further, Briggs made no effort before the district court to show that he was incapable of consummating the proposed robbery. Because we have not been presented with any such evidence and because Briggs admitted to the charged drug quantities, we reject Briggs' bare assertion that he was the victim of sentencing entrapment.

ECF No. 139 at 11 in CR-07-2065-LRS-1.

Finally, Defendant's conclusory opinion that had he proceeded to trial, it is "reasonably probable that he would not have been found guilty" holds little weight given that his brother Michael Briggs was convicted by a jury of identical charges and Defendant was more culpable for the crimes they committed. For instance, the evidence established that Defendant Glen Briggs was the point of contact with the undercover federal agents, that he brought together his brother and co-Defendant Mora, and that, to the extent guns were to be involved, he arranged to acquire them. This court finds that counsel did not render ineffective assistance by allowing the Defendant to enter a guilty plea instead of proceeding to trial.

In a §2255 motion based on ineffective assistance of counsel, the movant must prove: (1) counsel's performance was deficient, and (2) movant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). As to the first prong, there is a strong presumption defense counsel's performance was sufficiently effective. *Id*. at 689. Petitioner

**ORDER DISMISSING
§2255 MOTIONS -           8**

must show his counsels' performance was "outside the wide range of professionally competent assistance." *Id*. at 690.  Tactical decisions of trial counsel deserve deference when:  (1) counsel in fact bases trial conduct on strategic considerations; (2) counsel makes an informed decision based on investigation; and (3) the decision appears reasonable under the circumstances. *Thompson v. Calderon*, 86 F.3d 1509, 1515-16 (9th Cir. 1996), citing *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

   The issue is whether a reasonable defendant would have insisted on going to trial in these circumstances. Given the overwhelming evidence against Defendant, it is objectively unreasonable to infer that he would have rejected the plea agreement, which conferred a significant benefit on him, and risk instead facing certain prosecution and likely conviction in four separate indictments containing a total of eight counts.

   Here, the performance of Defendant's counsel was not deficient.  It was not outside the wide range of professionally competent assistance.  Counsels' tactical decisions deserve deference because the record indicates they made informed decisions based on investigation which appear reasonable under the circumstances.  Defendant Briggs was not prejudiced by his trial counsel's ineffective assistance in failing to inform him that if he pled guilty he would not be eligible to use the sentencing entrapment theory, despite Defendant's contentions.   Finally, Defendant has not shown that a reasonable probability exists that the outcome of his cases would have been different if his attorney(s) had given the assistance that Defendant suggests they should have provided. The sentencing judge considered but rejected the entrapment argument raised at sentencing  by defense counsel.  The sentencing judge found there was no evidence provided to the court suggesting Defendant was reluctant to go forward at any time.  ECF No. 242 at 23-24, filed in CR-07-2066-LRS-2.  The

**ORDER DISMISSING**
**§2255 MOTIONS -**                **9**

ineffectiveness claims are without merit.

Accordingly, Defendant's §2255 Motions (**ECF No. 341** filed in CR-07-2066-LRS-2; **ECF No. 213** filed in CR-07-2065-LRS-1; **ECF No. 509** filed in CR-07-2063-LRS-1; **ECF No. 419** filed in CR-07-2114-LRS-1) are **DISMISSED with prejudice**.  Defendant's Request to Dismiss the Indictment, **ECF No. 511**, filed in CR-07-2063-LRS-1 is **DENIED as MOOT**.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as Defendant has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2);  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

**IT IS SO ORDERED**.  The District Executive shall forward copies of this order to the Defendant.

**DATED** this_____22___ of August, 2014.


*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge

**ORDER DISMISSING**
**§2255 MOTIONS -**                          **10**